# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Maranda Nichole Grasley | CHAPTER 13 |
| Debtor(s) | |
| | BKY. NO. 22-02354 MJC |
| Midland Credit Management, Inc. | |
| Respondent | Related to: 75 |

### RESPONSE TO OBJECTION TO AMENDED
### PROOF OF CLAIM NUMBER 5 (OLD NAVY)

Midland Credit Management, Inc, by and through its counsel, KML Law Group, PC hereby responds to the Objection to Proof of Claim filed by Debtor, Maranda Grasley, as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. The document speaks for itself. To the extent a response is required, Denied.

6. Denied. Debtor is clearly misreading the documents attached to the Amended Proof of Claim. The "Proof of Claim – Account Details" as well as the data tape for this account shows that the account was charged off on 5/31/2022. The Affidavit of Alexa Stubbs attached to the Amended Proof of Claim sets for that that "On or about 11/12/2022 Synchrony Bank formerly known as GE Capital Retail Bank sold a pool of charged-off accounts (the Accounts) … to Midland Credit Management, Inc." The Bill of Sale, contains an effective date of November 10, 2022 the Notification Files delivered to Midland Credit Management on or about November 12, 2022. As is clearly

demonstrated by the documents attached to the Amended Proof of Claim, the Charge of Date was June 3, 2022, PRIOR to the Bill of sale, not after.

7. Denied.

8. Denied. Debtor's assertion that Creditor cannot "establish proper chain of assignment" is patently frivolous. The original creditor on this revolving line of credit was Sychrony Bank. Midland Credit Management purchased the charged of debt the original creditor. It boggles the mind that Debtor is attempting to assert that a proper chain of assignments cannot be demonstrated.

9. No response required.

10. Denied as to Debtor's representation of the documents. The documents speak for themselves. To the extent a response is required, Denied.

11. Denied.

    a. Denied. The revolving line of credit is governed by the Credit Card Agreement, which was attached to the Amended Proof of Claim. To the extent Debtor argues that the "writing" referenced in Rule 3001(c)(1) necessarily refers to the underlying credit card contract, Debtor's position also conflicts with the long line of decisions holding that a creditor's right to payment on a credit card account arises from the debtor's use of the line of credit extended to him. For example, in Richardson, the court recognized that "[i]mplied in the Debtor's payment to each creditor is that he incurred charges because he used the credit card," and that his "use [of the credit card] evidenced by his payment bound him to the terms of the agreement between the parties." In re Richardson, 557 B.R. at 695 (citing In re Brown, 403 B.R. 1, at 4 (Bankr. E.D. Ark. 2009) (stating a contract was formed each time the debtors used the credit card in accordance with the terms of the agreement); In re Pettingill, 403 B.R. 624, 628 (Bankr. E.D. Ark. 2009) (deciding that the contract became binding when the debtor retained the credit card and made use of it); In re Cluff, 313 B.R. 323, 334 (Bankr. D. Utah 2004) aff'd sub nom. Cluff v. eCast Settlement, No. 2:04-CV-978 TS, 2006 WL 2820005 (D. Utah Sept. 29, 2006) (reasoning that debtor's use of the

line of credit, not the underlying credit card agreement, creates the obligation to repay and is based on a writing)). As such, courts have rightly reasoned that the requirement to produce a copy of the "writing" underlying a credit card account may be satisfied by the production of "an account statement attached to a proof of claim [that] include[s] the debtor's name; account number; prepetition balance; interest rate; and a breakdown of interest charges, finance charges, and other fees." In re Muller, 479 B.R. 508, 513 (Bankr. W.D. Ark. 2012) (quoting Cluff, 313 B.R. at 334–35) (citing Armstrong, 320 B.R. at 106). Otherwise, "to require [a claimant] 'to come forward with the original credit card agreement and a manifestation of each electronic recording of a transaction, whether it be in the form of the signed receipt the debtor retains for his or her personal records or the electronic transmission of each use that the credit card issuer records, would unduly burden the parties and would inundate the Court with documents.'" Id. In short, the great weight of authority shows that the "writing" referenced in Rule 3001(c)(3)(B) is an account statement, not the underlying credit card agreement.

   a. (incorrectly listed as a second "a") Denied. The document attached is the Credit Card Agreement, to which a signature is not required.

   b. Denied.

   c. Denied. Creditor has provided a copy of the Credit Card Agreement and all other items required by the Court Rules. As such, the Proof of Claim is entitled to a presumption of validity and the burden of proof shifts to the DEBTOR to come forward with EVIDENCE to overcome the presumption of validity. Interestingly, there is not certification or affidavit from the debtor that states she did not receive the document.

12. Denied. The letter speaks for itself. Notwithstanding same, there is not dispute that the credit card was used, for multiple years, before going into default. The Proof of Claim is entitled to a presumption of validity and the burden of proof shifts to the DEBTOR to come forward with EVIDENCE to overcome the presumption of validity. A mere motion signed by debtor's counsel

falls woefully short. Furthermore, counsel for Midland Credit Management reached out to Vicki Piontek, Esq. on August 9, 2023. Counsel for Midland specifically asked what additional information Ms. Piontek was looking for and was told that we should "read the well drafted pleading."

13. Denied. An Amended Proof of Claim was filed containing the documents requested. Furthermore, a signed contract for a revolving line of credit is not required and is a red herring. Just in 2021, debtor made multiple purchase and payments on the revolving line of credit as follows:

| Transaction Date | Transaction Type | Transaction Amount |
|---|---|---|
| 6/10/2021 | Purchase | $89.02 |
| 6/30/2021 | Purchase | $21.60 |
| 7/1/2021 | Purchase | $179.14 |
| 7/6/2021 | Purchase | $129.21 |
| 7/6/2021 | Purchase | $47.34 |
| 7/6/2021 | Purchase | $42.38 |
| 7/8/2021 | Purchase | $14.70 |
| 7/12/2021 | Purchase | $122.65 |
| 7/13/2021 | Purchase | $18.98 |
| 7/17/2021 | Purchase | $24.82 |
| 7/22/2021 | Purchase | $17.76 |
| 7/23/2021 | Payment | $50.00 |
| 7/24/2021 | Purchase | $75.17 |
| 7/27/2021 | Purchase | $28.01 |
| 7/28/2021 | Purchase | $48.00 |
| 7/31/2021 | Purchase | $23.28 |
| 8/1/2021 | Purchase | $15.67 |
| 8/4/2021 | Purchase | $23.78 |
| 8/5/2021 | Purchase | $14.35 |
| 8/11/2021 | Purchase | $30.14 |
| 8/11/2021 | Purchase | $2.11 |
| 8/11/2021 | Purchase | $97.93 |
| 8/11/2021 | Purchase | $50.85 |
| 8/12/2021 | Purchase | $7.70 |
| 8/12/2021 | Purchase | $4.11 |
| 8/22/2021 | Payment | $50.00 |
| 9/27/2021 | Payment | $50.00 |
| 10/13/2021 | Payment | $34.00 |

14. Denied. The card holder agreement was filed with the Amended Poof of Claim. Furthermore, Debtor utilized the credit card for years prior to defaulting on it. To the extent Debtor argues that

the "writing" referenced in Rule 3001(c)(1) necessarily refers to the underlying credit card contract, Debtor's position also conflicts with the long line of decisions holding that a creditor's right to payment on a credit card account arises from the debtor's use of the line of credit extended to him. For example, in Richardson, the court recognized that "[i]mplied in the Debtor's payment to each creditor is that he incurred charges because he used the credit card," and that his "use [of the credit card] evidenced by his payment bound him to the terms of the agreement between the parties." In re Richardson, 557 B.R. at 695 (citing In re Brown, 403 B.R. 1, at 4 (Bankr. E.D. Ark. 2009) (stating a contract was formed each time the debtors used the credit card in accordance with the terms of the agreement); In re Pettingill, 403 B.R. 624, 628 (Bankr. E.D. Ark. 2009) (deciding that the contract became binding when the debtor retained the credit card and made use of it); In re Cluff, 313 B.R. 323, 334 (Bankr. D. Utah 2004) aff'd sub nom. Cluff v. eCast Settlement, No. 2:04-CV-978 TS, 2006 WL 2820005 (D. Utah Sept. 29, 2006) (reasoning that debtor's use of the line of credit, not the underlying credit card agreement, creates the obligation to repay and is based on a writing)). As such, courts have rightly reasoned that the requirement to produce a copy of the "writing" underlying a credit card account may be satisfied by the production of "an account statement attached to a proof of claim [that] include[s] the debtor's name; account number; prepetition balance; interest rate; and a breakdown of interest charges, finance charges, and other fees." In re Muller, 479 B.R. 508, 513 (Bankr. W.D. Ark. 2012) (quoting Cluff, 313 B.R. at 334–35) (citing Armstrong, 320 B.R. at 106). Otherwise, "to require [a claimant] 'to come forward with the original credit card agreement and a manifestation of each electronic recording of a transaction, whether it be in the form of the signed receipt the debtor retains for his or her personal records or the electronic transmission of each use that the credit card issuer records, would unduly burden the parties and would inundate the Court with documents.'" Id. In short, the great weight of authority shows that the "writing" referenced in Rule 3001(c)(3)(B) is an account statement, not the underlying credit card agreement.

15. Denied. Creditor has fully complied with the requirements of the Court Rules and the Proof of Claim is entitled to a prima facie presumption of validity. See, 11 U.S.C. 502(a); F.R.B.P. 3001(f); See, e.g., In re Pagnotti, 269 B.R. 326 (Bankr. M.D. Pa. 2001). The Debtors incur the burden of overcoming the presumption of allowability and establishing the bases that the Claim is invalid. In re Allegheny Int'l, Inc., 954 F.2d 167, 173-4 (3d Cir. 1992). The mere filing of the Objection does not satisfy the Debtors' burden; rather, the Debtor must offer evidence to overcome the presumption of validity of the Claim. In re Pagnotti, 269 B.R. 326. "More is required of the Debtor than a mere bald objection to a claim. . . . 'It is often said that the objector must produce evidence equal in force to the prima facie case.'" In re Miceli, 556 B.R. 655, 658 (Bankr. M.D. Pa. 2016) (Thomas, Bankr. J.) (cleaned up) (quoting, In re Allegheny International, Inc., et al., 954 F.2d 167, 173 (3rd Cir. 1992)).

16. Denied.

17. Denied.

Wherefore, Midland Credit Management, Inc. hereby requests that this Honorable Court overrule the objection of Debtor and any other relief the Court may deem just and proper.

BY: /s/ Brian C. Nicholas
Brian C. Nicholas, Esquire
Atty Id: 317240
KML Law Group, P.C.
701 Market Street
Suite 5000
Philadelphia, PA 19106
bnicholas@kmllawgroup.com
201-549-2366

Dated: 8/28/2023

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Maranda Nichole Grasley<br>Debtor(s)<br><br>MIDLAND CREDIT MANAGEMENT INC.<br>Movant<br>vs.<br><br>Maranda Nichole Grasley<br>Debtor(s)<br><br>Jack N. Zaharopoulos,<br>Trustee | BK NO. 22-02354 MJC<br><br>Chapter 13 |

## CERTIFICATE OF SERVICE
### Response to Objection to Proof of Claim

I, Brian C. Nicholas of KML Law Group, P.C., certify that I am, and at all times hereinafter mentioned was, more than 18 years of age and that on <u>August 28, 2023</u>, I served the above captioned pleading, filed in the proceeding on the parties at the addresses shown below;

Debtor(s)
Maranda Nichole Grasley
1606 Fairview Avenue
Berwick, PA 18603

Attorney for Debtor(s)
Vicki Ann Piontek, 58 East Front Street
Daville, PA 17821

Trustee
Jack N. Zaharopoulos
8125 Adams Drive, Suite A
Hummelstown, PA 17036

Method of Service: electronic means or first class mail

Dated: <u>August 28, 2023</u>

**/s/Brian C. Nicholas Esquire**
Brian C. Nicholas Esquire
Attorney I.D. 317240
KML Law Group, P.C.
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106
201-549-5366
bnicholas@kmllawgroup.com