**From:** Brian Nicholas bnicholas@kmllawgroup.com 
**Subject:** Re: Grasley v. Midland Credit Management-Motion to Extend Discovery [231295BK]
**Date:** October 23, 2023 at 5:57 AM
**To:** Vicki Piontek vicki.piontek@gmail.com
**Cc:** Archive archive@kmllawgroup.com

We will not concur with an extension of discovery. The delay is solely on your part and your desire to take our clients deposition without the presence of a court reporter.

We will not be amending our pleadings. The supporting documents are attached to the legal briefs. Furthermore, the Judge specifically said that amendments were not required. Whether your client used the credit card for one charge and paid it or used it and paid it for a decade is irrelevant, either way she used and paid it. Additionally, the pleadings always conform to the evidence produced at trial. You are free to make whatever arguments you desire.

My client has previously rejected your offer to pay 25% of the claims and I anticipate they will do so again. My client fully intends to litigate your vexatious claims that are completely unsupported by the facts or applicable law. It is abundantly clear that your actions in this case, and your actions in general regarding unsecured creditors, is to try and run up the costs to them to get them to abandon their claim or negotiate it down. This is wholly improper, and quite frankly sanctionable conduct. Our client intends to zealously defend its properly filed claims.


--Brian

_____

*Brian C. Nicholas, Esq.*
*KML Law Group, P.C.*
*New Jersey and Pennsylvania*
*Direct Dial: 201-549-2366*
*Main phone: 609-250-0700*
*Internal Extension: 2366*
*Fax: 201-549-2377*
*bnicholas@kmllawgroup.com*
*Escalation: Problems@kmllawgroup.com*
*http://kmllawgroup.com/*



---

**From:** Vicki Piontek <vicki.piontek@gmail.com>
**Sent:** Sunday, October 22, 2023 10:20 AM
**To:** Brian Nicholas <bnicholas@kmllawgroup.com>
**Subject:** Grasley v. Midland Credit Management-Motion to Extend Discovery

Dear Attorney Nicholas,

Please see attached motion to extend th discovery deadline. Do yo concur?

Will you be amending your pleadings.  Your pleadings contain several false averments of fact including but not limited to the following:

-That Ms. Grasley admitted that she owed the debt in her schedules.  Ms. Grasley clearly had the accounts marked as "disputed."

-That Ms. Grasley paid for "years" on the account related to Claim No. 5.  She did not pay for "years" on the account related to Claim Number 5.  That account was open for only a few months.

We talked about this approximately 2 months ago when we spoke on the telephone.  You stated that you would be amending your answers to my claim objections to correct your gross factual misrepresentations.  This is SERIOUS and needs to be addressed.  Failure to correct these misrepresentations will cause me to file appropriate pleadings.

Would your client like to settle the accounts for 25% on the Dollar?  Please let me know if you are interested in a settlement.

Vicki Piontek, Esquire
58 East Front Street
Danville, PA  17821
(570) 218-9446
215-290-6444
Fax: 866-408-6735

This firm is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. If you are in bankruptcy or have previously received a discharge in bankruptcy, or if you are a successor in interest to the borrower who has not assumed the debt, this correspondence is not and should not be construed to be an attempt to collect a debt, and is for informational purposes only. This electronic mail message, and any attachments transmitted with it, contain confidential information, intended only for the named addressee(s). If you are not the intended recipient or the person responsible for delivering this email to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this email in error, please immediately notify the sender by reply email, and delete all copies of this communication from your computer and network. Thank you. Please visit our website www.kmllawgroup.com for answers to frequently asked questions. If you are not satisfied with the service and responsiveness from our office, or would like to escalate a matter for further attention, please email us at problems@kmllawgroup.com. NOTICE REGARDING ELECTRONIC COMMUNICATION: If you wish to opt out of electronic communication, please forward this email to Notice@kmllawgroup.com, with the word "STOP" in the subject line of the email. Please be advised that we may still be required to send you statutory and court-mandated notices pursuant to applicable law.

**From:** Brian Nicholas bnicholas@kmllawgroup.com
**Subject:** Re: Rule 2004 Examination of Midland Credit Management, Inc. [231295BK]
**Date:** November 13, 2023 at 1:05 PM
**To:** Vicki Piontek vicki.piontek@gmail.com
**Cc:** Archive archive@kmllawgroup.com

Vicki,

Just confirming that we are proceeding forward tomorrow with the dep of my client's corporate rep at 11 AM followed by the dep of Ms. Grasley at 12.

I did not realize that we needed to define what a court reporter was for you. We will be using Silver Reporting for the deposition of Ms. Grasley. If you would like to use them for the dep Midland Credit corporate witness you are welcome to reach out to Siler and coordinate same. The number for Silver is 609-888-0111. If you intend to use someone else, please let us k you choose. Please provide the name and contact information for the court reporter you intend to use so that we can forward our exhibits to them prior to the deposition. I reiterate agai we appear on the zoom session and a court report is not there, I will not allow my client to speak and we will not produce our rep again.

The cost of the court reporter is always borne by the party requesting the deposition. We will incur the cost for the deposition for Ms. Grasley. You are expected to cover the cost for the deposition of our client.

In terms of the allegation that we are trying to drive up the cost of litigation, that is simply not true nor is it supported by the facts. It is you and your client that are trying to run up costs p your frivolous objections hoping that unsecured creditors do not want to spend the money to defend them. As I told you from the outset of the case, we intend to fight the objections.

Finally, your allegation that I "lied" is patently false and quite frankly offensive and inappropriate. I filed a legal pleading that did say your client had the account for "years" when it was a also listed the charge off date and transcribed the charges and payments into the same brief, as well as filing the monthly statements. Furthermore, the proof of claim (the best evidence case) also contains the date the account was opened and charged off.

--Brian

---

*Brian C. Nicholas, Esq.*
*KML Law Group, P.C.*
*New Jersey and Pennsylvania*
*Direct Dial: 201-549-2366*
*Main phone: 609-250-0700*
*Internal Extension: 2366*
*Fax: 201-549-2377*
*bnicholas@kmllawgroup.com*
*Escalation: Problems@kmllawgroup.com*
*http://kmllawgroup.com/*



---

**From:** Vicki Piontek <vicki.piontek@gmail.com>
**Sent:** Saturday, November 4, 2023 10:32 PM
**To:** Brian Nicholas <bnicholas@kmllawgroup.com>
**Subject:** Re: Rule 2004 Examination of Midland Credit Management, Inc. [231295BK]

None of the purported assignment document you have produced identify Ms. Grasley or the account. Show me differently if I am missing it.

You have not defined "Court reporter."

You have not specified who will bear the cost of the "court reporter." If you want a court reporter so ban then get one. Sounds like your purpose is to drive up the cos to litigation.

Even if I were to withdraw any of my objection that would only be for claims 3 and 4, but not 5 since you lied in your pleading to bolster your claim for "account stated" theory. And after you lied you refused to correct it. The account was not used for "years." Because eo this a s Credit Management, Inc. in federal court and your law firm already n 11-1-23. I am copying Attorney Andrew Schwartz about this. He is the usual lawyer for Midland Credit Management, Inc. with one of their lawyers screws up ad does something illegal.

You will be getting your own Rule 9011 notice about your frivolous answer to claim objection 5.

Vicki Piontek, Esquire
58 East Front Street
Danville, PA 17821
(570) 218-9446
215-290-6444
Fax: 866-408-6735

> On Nov 3, 2023, at 4:34 PM, Brian Nicholas <bnicholas@kmllawgroup.com> wrote:
>
> Vicki,
>
> My position has not changed from when we were on with the Judge on Thursday. I have no problem producing a corporate rep for a deposition. I have been offering this, without requiring you to file a motion or even serve a formal notice. I have provided dates and you have chosen 11/14 @11. I will NOT allow my client to speak to you without a court repo present, just like any other deposition.
>
> If we appear on the zoom and there is no court reporter I will direct my client not say anything and we will both immediately disconnect. We will deem you to have waived your opportunity to depose my client.
>
> It has become abundantly clear that your sole purpose in pursing these objections is to harass and bully unsecured creditors in an attempt to get them to abandon their claims. In Court today you again said that you don't know that my client owns the accounts even though there are transfer documents attached to the filed POC and we have filed a certificati from the originating lender specially saying that they sold the accounts to my client. Your continued advancing of a claim(s) you know to be meritless if frivolous.
>
> --Brian
>
> ---
>
> *Brian C. Nicholas, Esq.*
> *KML Law Group, P.C.*
> *New Jersey and Pennsylvania*
> *Direct Dial: 201-549-2366*
> *Main phone: 609-250-0700*
> *Internal Extension: 2366*
> *Fax: 201-549-2377*
> *bnicholas@kmllawgroup.com*
> *Escalation: Problems@kmllawgroup.com*
> *http://kmllawgroup.com/*
> <Outlook-swsnylv3.png>

**From:** Vicki Piontek <vicki.piontek@gmail.com>
**Sent:** Thursday, November 2, 2023 11:56 AM
**To:** Brian Nicholas <bnicholas@kmllawgroup.com>
**Subject:** Rule 2004 Examination of Midland Credit Management, Inc.

Dear Attorney Nicholas,

Rule 2004 does not require that the person being questioned be under oath. Rule 2004 is less formal than a deposition. And there is no requirement of a "court reporter." There is no requirement of transcription of any kind. not refusing to conduct the rule 2004 examination of your client with a "court reporter." But if you want a "court reporter" then the expense should be born by your client, not mine. If your client wants the "court reporter" then t can bring their own and pay for it.

Your client will have an opportunity to make their own audio and / or video recording.

This is my last attempt to work this out with you on this issue before I include it as a count in my motion to compel.

Vicki Piontek, Esquire
58 East Front Street
Danville, PA 17821
(570) 218-9446
215-290-6444
Fax: 866-408-6735

This firm is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. If you are in bankruptcy or have previously received a discharge in bankruptcy, or if you are a successor in intere the borrower who has not assumed the debt, this correspondence is not and should not be construed to be an attempt to collect a debt, and is for informational purposes only. This electronic mail message, and any attachmen transmitted with it, contain confidential information, intended only for the named addressee(s). If you are not the intended recipient or the person responsible for delivering this email to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this email in error, please immediately notify the sender by reply email, and delete all copies of this communication from your computer and network. Thank you. Please visit our website www.kmllawgroup.com for answers to frequently asked questions. If you are not satisfied with the service and responsiveness from our of or would like to escalate a matter for further attention, please email us at problems@kmllawgroup.com. NOTICE REGARDING ELECTRONIC COMMUNICATION: If you wish to opt out of electronic communication, please for this email to Notice@kmllawgroup.com, with the word "STOP" in the subject line of the email. Please be advised that we may still be required to send you statutory and court-mandated notices pursuant to applicable law.

This firm is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. If you are in bankruptcy or have previously received a discharge in bankruptcy, or if you are a successor in interest to the borrower who has not assumed the debt, this correspondence is not and should not be construed to be an attempt to collect a debt, and is for informational purposes only. This electronic mail message, and any attachments transmitted with it, contain confidential information, intended only for the named addressee(s). If you intended recipient or the person responsible for delivering this email to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this email in error, please immediately notify reply email, and delete all copies of this communication from your computer and network. Thank you. Please visit our website www.kmllawgroup.com for answers to frequently asked questions. If you are not satisfied with the service and responsiveness from our office, or would a matter for further attention, please email us at problems@kmllawgroup.com. NOTICE REGARDING ELECTRONIC COMMUNICATION: If you wish to opt out of electronic communication, please forward this email to Notice@kmllawgroup.com, with the word "STOP" in the subj email. Please be advised that we may still be required to send you statutory and court-mandated notices pursuant to applicable law.