IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| eCAST SETTLEMENT CORP., | : | |
| | : | Civil Action No. 4: 06-CV-2252 |
| Appellant, | : | |
| | : | Bankruptcy No. 04-55010 |
| v. | : | |
| | : | (Judge McClure) |
| KERRY KLEMICK. | : | |
| | : | |
| Appellee. | : | |

**O R D E R**

January 24, 2007

**BACKGROUND:**

On October 6, 2004, appellee Kerry Klemick filed a voluntary petition for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Middle District of Pennsylvania. On February 11, 2005, appellant eCAST Settlement Corp. ("eCAST") filed a general unsecured claim in the amount of $2,153.71. On the proof of claim filed with the bankruptcy court, eCAST listed the date the debt was incurred as "Various Transaction Dates." (Rec. Doc. No. 2-6.) The claim was registered by the Bankruptcy Court as Claim 7.

Klemick objected to eCAST's claim on the grounds that it was barred by the applicable statute of limitations as well as several other grounds that are not at issue on this appeal. On June 19, 2006, the bankruptcy court issued its opinion that

1

eCAST had failed to show that its claim was not barred by the statute of limitations and sustained Klemick's objection to the claim. On June 28, 2006, eCAST filed a motion for reconsideration, which was denied by the bankruptcy court.

This appeal followed the denial of eCAST's motion for reconsideration. The parties have filed briefs and the matter is ripe for disposition. Now, for the following reasons, we will reverse the decision of the bankruptcy court and remand for further proceedings.

**DISCUSSION:**

### I. Standard of Review

A district court sits as a court of appeals reviewing a final order of the bankruptcy court under 28 U.S.C. § 158(a)(1). See also Fed. R. Bankr. P. 8001(a). Under Rule 8013 of the Federal Rule of Bankruptcy Procedure, the district court may affirm, modify, or reverse the decision of the bankruptcy court, or may remand with instructions for further proceedings. The district court reviews the bankruptcy court's legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof. In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999). When an issue is a mixed question of law and fact, the issue is broken down into its component parts and the

appropriate standard is applied to each component. In re Fegley, 118 F.3d 979, 982 (3d Cir. 1997).

## II.  Review of the Bankruptcy Court's Decision

Rule 3001(a) of the Federal Rules of Bankruptcy Procedure governs how to properly file a proof of claim and states that what must be filed is a "written statement setting forth the creditor's claim" that "conform[s] substantially to the appropriate Official Form." A properly filed proof of a claim in a bankruptcy proceeding is prima facie evidence of the validity of the claim and satisfies the claimant's burden of production. Fed. R. Bankr. P. 3001(f); In re Allegheny International, Inc., 954 F. 2d 167, 173 (3d. Cir. 1992). In the present case, the bankruptcy judge found that eCAST had properly filed its proof of claim. (June 19, 2006 Op., Rec. Doc. No. 2-27).

Once the claimant has established a prima facie claim, the objector must produce evidence sufficient to negate the prima facie validity of the claim. In re Allegheny, 954 F.2d at 173. Furthermore, only after overcoming the prima facie validity of the claim does the burden of going forward shift back to the claimant to prove the validity of the claim by a preponderance of the evidence. Id. at 173-74.

In the present case, eCAST argues that the bankruptcy court erred when it found that the objector had produced evidence sufficient to negate the prima facie

3

Case 5:22-bk-02354-MJC    Doc 120-10    Filed 11/19/23    Entered 11/20/23 00:06:57    Desc Exhibit Klemick v. eCast-District Court Order    Page 3 of 6

validity of the claim. Specifically, eCAST argues the only thing Klemick did was lodge an objection to the claim on the grounds that it was barred by the statute of limitations, without producing any evidence that this was actually the case.

When it filed its proof of claim, eCAST simply stated "Various Transaction Dates" as the date the debt was incurred. (Rec. Doc. No. 2-6.) Had it actually specified the date(s) the debt was incurred, we would likely agree that Klemick would have to establish by a preponderance of the evidence that the statute of limitations had passed. However, it becomes much more difficult for Klemick to prove the date a transaction didn't occur when no alleged transaction date is actually given by eCAST.

We believe the appropriate course of action is to allow eCAST to amend its proof of claim to list the date(s) the debt was incurred. Rule 7015 of the Federal Rules of Bankruptcy Procedure states that Rule 15 of the Federal Rules of Civil Procedure applies to adversary proceedings during bankruptcy. In turn, Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend shall be freely given when justice so requires.

Assuming eCAST amends it proof of claim to offer the alleged date(s) the debt was incurred, it will have established its prima facie claim. If Klemick plans to object on the grounds that the applicable statue of limitations has passed, then

4

Case 5:22-bk-02354-MJC    Doc 120-10    Filed 11/19/23    Entered 11/20/23 00:06:57
Desc Exhibit Klemick v. eCast-District Court Order    Page 4 of 6

she will have to do more than simply lodge the objection to shift the burden of proof back to eCAST. In fact, there is no burden shifting at all on a statute of limitations objection. A statute of limitations defense is an affirmative defense and the burden of proof lies with the one asserting it. <u>Van Buskirk v. Carey Canadian Mines, Ltd.</u>, 760 F.2d 481, 487 (3d Cir. 1985). Therefore, Klemick must offer evidence sufficient to meet her burden of production on this issue. Only then is eCAST required to produce any evidence if it wishes to oppose Klemick's objection.

**CONCLUSION:**

Because eCAST failed to list any transaction dates on its proof of claim, we find that eCAST must amend its proof of claim in order to establish its <u>prima facie</u> claim. If eCAST does so and Klemick wishes to object on the grounds that the statute of limitations has passed, she is required to produce evidence (not just an objection) sufficient to meet her burden of production on the issue.

**NOW, THEREFORE, IT IS ORDERED THAT:**

The decision of the bankruptcy court is REVERSED and the case remanded

5

Case 5:22-bk-02354-MJC   Doc 120-10   Filed 11/19/23   Entered 11/20/23 00:06:57   Desc Exhibit Klemick v. eCast-District Court Order   Page 5 of 6

for further proceedings consistent with this opinion.

                                                       s/ James F. McClure, Jr.
                                                       James F. McClure, Jr.
                                                       United States District Judge

6

Case 5:22-bk-02354-MJC   Doc 120-10   Filed 11/19/23   Entered 11/20/23 00:06:57
Desc Exhibit Klemick v. eCast-District Court Order   Page 6 of 6