UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In RE: Maranda Grasley | : | Chapter 13 |
| Debtor | : | |
| | : | 22-02354 |
| Maranda Grasley, | : | |
| Objector | : | Re. Proof of Claim No. 5 |
| v. | : | |
| Midland Credit Management, Inc. | : | |
| Respondent / Claimant | : | |

**MOTION TO COMPEL CLAIMANT
TO COOPERATE WITH DISCOVERY**

COUNT ONE: CLAIMANT'S REFUSAL
TO PROVIDE REQUESTED DOCUMENTS

1. Claimant relies on a document called an "AFFIDAVIT OF SALE" as the assignment. But the so called "AFFIDAVIT OF SALE" is deficient in ways including but not limited to the following.

a. The so called "AFFIDAVIT OF SALE" does not identify the Debtor in any way.

b. The so called "AFFIDAVIT OF SALE" does not have the account number for the account which is the subject matter of this proof of claim.

c. The so called "AFFIDAVIT OF SALE" cannot possibly be the true assignment because it refers to another document called a "Purchase and Sale Agreement." But the "Purchase and Sale Agreement" was not included with the proof of claim or supplied to Debtor's Counsel after duly served discovery requests ignored by Claimant's Counsel.

2. Claimant has been duly served with a request to provide "all documents related to the chain of assignment." See attached exhibits.

3. Claimant has refused to produce even a redacted copy of the so called "Purchase and Sale Agreement" even though document production requests have been served on Claimant's Counsel on September 6, 2023.

4. The so called "Purchase and Sale Agreement" is a "writing" upon which the claim is based and should be attached to the POC per Federal Rule of Bankruptcy Procedure 3001, and ought to be produced or the claim should fail.

5. The so called "Purchase and Sale Agreement" would be the best evidence of the assignment of the account if there were an assignment at all. This is consistent with Federal Rule of Evidence 1002 which provides as follows.

Rule 1002. Requirement of the Original
An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.

6. Claimant has also attached a so called "BILL OF SALE" dated November, 2022. But that document is also problematic for reasons including but not limited to the following.

a. The so called "BILL OF SALE" does not identify the Debtor in any way.

b. The so called "BILL OF SALE" does not have the account number for the account which is the subject matter of this proof of claim.

7. The so called "BILL OF SALE" refers to another document called the "Forward Flow Accounts Purchase Agreement dated as of 10th day of November, 2022." But the "Forward Flow Accounts Purchase Agreement dated as of 10th day of November, 2022" was not included with the proof of claim or supplied to Debtor's Counsel after duly served discovery requests ignored by Claimant's Counsel.

8. Claimant has refused to produce even a redacted copy of the so called "Forward Flow Accounts Purchase Agreement dated as of 10th day of November, 2022" even though document production requests have been served on Claimant's Counsel on September 6, 2023.

9. The so called "Forward Flow Accounts Purchase Agreement dated as of 10th day of November, 2022" is a "writing" upon which the claim is based and should be attached to the POC per Federal Rule of Bankruptcy Procedure 3001, and ought to be produced or the claim should fail.

10. The so called "Forward Flow Accounts Purchase Agreement dated as of 10th day of November, 2022" would be the best evidence of the assignment of the account if there were an assignment at all. This is consistent with Federal Rule of Evidence 1002 which provides as follows.

Rule 1002. Requirement of the Original
An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.

11. Claimant's so called "Bill of Sale" and the so called "Affidavit of Sale" are not the assignment and they do not prove the content of the assignment. Instead they are documents about the assignment. Claimant should be required to produce the best evidence of the assignment.

12. The true underlying assignment documents are an essential part of the Claim and for substantive reasons failure to provide the assignment should be fatal to the claim. Four Seasons Investments, LLC v. Susan Petrucci, No. AR-10-005022I. in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division, Wettick, J.-May 10, 2011.

## COUNT TWO: CLAIMANT'S REFUSAL
## TO PARTICIPATE IN A RULE 2004 EXAMINATION

13. The parties agreed on November 14, 2023 at 11:AM EST as a date and time to conduct a Rule 2004 examination of Claimant's corporate representative.

14. Debtor's Counsel appeared ready, willing and able to conduct the Rule 2004 examination on November 14th at 11 AM at the pointed time.

15. Claimant's Counsel refused to allow the Rule 2004 Examination because Debtor's Counsel did not have a "court reporter" present, even though Rule 2004 does not have any requirement for a "court reporter."

16. Unlike Rule 30 of the Federal Rules of Civil Procedure, Rule 2004 makes no mention of a requirement to place an examinee under oath.

17. Unlike Rule 30 of the Federal Rules of Civil Procedure, Rule 2004 makes no mention how the rule 2004 examination should be conducted. There are no suggested means of recording the examination in Rule 2004.

18. Claimant's Counsel has not defined what he means by a "court reporter." It is difficult to define that term since the Pennsylvania Legislature has not chosen to regulate the practice of taking or transcribing depositions or a Rule 2004 examinations. Therefore any person may qualify as a "court reporter."

19. Debtor is concerned that another Rule 2004 Examination may be scheduled and that she may show up with a court reporter, but Claimant's counsel may object anyway since Claimant's Counsel refuses to define what they mean by a "court reporter."

20. Federal Rule 2004 of Bankruptcy Procedure does not require a "court reporter" or any other person to transcribe the statement(s) taken, and Debtor and her Counsel do not desire a court reporter.

21. Unlike Federal Rule of Civil Procedure, Rule 2004 makes no mention of a requirement for the Examinee to be placed under oath.

22. The Local Rule 2004-1 in the United States Bankruptcy Court for the Middle District of Pennsylvania is entitled "Rule 2004-1 "Depositions and Examinations," thus demonstrating that a Rule 2002 Examination is not the same thing as a deposition.

23. Debtor cannot afford the expense of a "court reporter," however that term shall be defined.

24. If Claimant wishes to have a "court reporter" present at any Rule 2004 Examination then Claimant should bear such costs since Claimant is the one that desires the "court reporter," and a "court reporter" is not required under Rule 2004, nor does Rule require that the Examinee be under oath.

25. Debtor does not oppose Claimant's use of a court reporter as long as the expense for the "court reporter" is born by Claimant and not Debtor.

26. Debtor's Counsel has offered to conduct the Rule 2004 examination via Zoom and to record the examination by video and audio. Claimant's counsel would of course be entitled to a copy and would be entitled to make his own video and / or audio recording as well.

27. By refusing to conduct the Rule 2004 examination unless Debtor hires a "court reporter" at her own expense, Claimant has unnecessarily and unreasonably driven up the cost of this legitimate claim objection process for the Debtor.

## COUNT THREE: MATERIALLY FALSE AND CONTRADICTORY STATEMENTS MADE BY CLAIMANT IN THE PROOF OF CLAIM FILED JUNE 28, 2023 AND CLAIMANT'S ANSWER FILED AUGUST 28, 2023

28. The previous paragraphs of this pleading are incorporated by reference.

29. Claimant's Amended Proof of Claim filed June 28, 2023 and the Answer to the objection to proof of claim filed August 28, 2023 contain inherently false and contradictory statements, including but not limited to the following.

30. Claimant's answer filed August 28, 2023 appears to detail more payments than what are shown in the exhibits to the Amended Proof of Claim filed June 28, 2023.

31. According to Claimant's own data attached to the Amended POC filed June 28, 2023, the account was open on June 10, 2021, and the last payment on the account was made by Debtor on October 13, 2021.

32. Contradictorily, Claimant has plead in its answer filed August 28, 2023 that Debtor used the account for "years." This could not have happened based on the documents supplied by Claimant in the POC.

33. In Claimant's answer, filed August 28, 2023, Claimant argues that it does not matter whether Debtor received a copy of the governing contract or not because Debtor used the account for "years."

34. Debtor absolutely DID NOT USE THE ACCOUNT FOR "YEARS" as falsely asserted in the answer filed by Claimant on August 28, 2023. This is a blatantly false factual statements intended to bolster Claimant's "account stated" argument. Claimant's own documents attached to the proof of claim confirm this. The document attached to the amended proof of claim reveal that the account was only open from June 10, 2021 to June 3, 2022. Therefore Debtor could not possibly have used the account for "years." Such blatantly false statement was made by Claimant's Counsel with the intent to bolster the "account stated" argument. The statement about the account being used by Debtor for "years" is confusing and has the possible effect of manipulating the Court if not corrected by Claimant.

35. Debtor's Counsel has reached out numerous times to Claimant's Counsel to correct this gross material misstatement of fact. See attached exhibits.

36. Claimant Counsel acknowledges having made such false statement(s) but refuses to correct the false statement(s). When politely requested to correct his false statements, Claimant's Counsel became defensive and began to make accusations and threats against Debtor's Counsel rather than agree to correct his patently false statements.

# COUNT FOUR: CONTRADICTORY CARDHOLDER AGREEMENTS PROFERRED BY CLAIMANT IN THE AMENDED PROOF OF CLAIM FILED JUNE 28, 2023 AND AN AFFIDAVIT FILED OCTOBER 20, 2023

37. The previous paragraphs of this Complaint are incorporated by reference.

38. Claimant has filed two entirely different conflicting cardholder agreements in this case, one attached to the amended proof of claim file June 28, 2023 and another one attached to an affidavit filed October 20, 2023. The conflicting features of these two different purported cardholder agreements are detailed in part below.

39. The purported cardholder agreement attached to the amended proof of claim filed June 28, 2023 contains certain serial numbers or other type of identifying numbers or codes. No such serial numbers or code appear on the purported agreement filed with the affidavit filed October 20, 2023.

40. The purported cardholder agreement filed with the affidavit filed October 20, 2023 contains a signature block of one Margaret Keane, CEO of Synchrony Bank which is not present on the purported agreement filed with the proof of claim.

41. According to Claimant's documents attached to the Amended Proof of Claim, the account was not opened until June 10, 2021. \

42. Margaret Keane, CEO of Synchrony Bank left her position as the CEO of Synchrony Bank in April of 2021. She was not even the CEO of Synchrony Bank on June 10, 2021 when the account was opened.

43. Both the purported cardholder agreement / governing contracts have different interest rate tables. The "SECTION I: RATES AND FEES TABLE" is substantially different in both purported cardholder agreements.

44. The "SECTION IV: OTHER IMPORTANT INFORMATION" is entirely different in both purported cardholder agreements. The one attached to the affidavit is about twice as long as the one attached to the proof of claim.

## CONCLUSION

45. The previous paragraphs of this pleading are incorporated by reference.

46. The totality of the above circumstances warrants that Claimant be compelled to cooperated in the discovery process.

47. Claimant's conduct and false statement(s) have prolonged and agonized the discovery process causing additional time and money to be spent on discovery. Additional interrogatories and requests for production of documents have been drafted and served upon Claimant to dispel the myth that Debtor paid on the account for claim number 5 for "years.' The same appears also to pertain to Claim 4 as well.

48. Additional time and resources have been spent trying to correct the said materially false statements made by Claimant, thus warranting an order compelling Claimant to cooperate in the discovery process in this case.

49. A discovery deadline is approaching, and a hearing on the merits of the case is approaching.

50. Debtor requests an Order from this Honorable Court directing Claimant to do the following.

   a. Produce all documents requested in Debtor's requests for production of documents served September 6, 2023.

   b. Provide full and complete responses to Debtor's Interrogatories served October 23, 2023.

   c. Provide full and complete responses to Debtor's Requests for Admissions served October 23, 2023.

   d. Cooperate with Debtor's efforts to conduct a Rule 2004 Examination, with a "court report" only at Claimant's expense.

51. Debtor requests such other relief as this Honorable Court deems proper.

Wherefore, Debtor's Counsel requests an Order from this Honorable Court directing Claimant to cooperate with Debtor's discovery requests. Debtor requests that this Honorable Court order Claimant to provide full and complete responses to Debtor's requests for production of documents. Debtor requests that this Court order Claimant to participate in a Rule 2004 Examination where Claimant may have a court reporter if Claimant desires at Claimant's own expense. Debtor requests such other relief as this Honorable Court deems appropriate.

/s/ Vicki Piontek            11-20-2023
_____     _____
Vicki Piontek, Esquire             Date
Attorney for Plaintiff
58 East Front Street
Danville, PA 17821
vicki.piontek@gmail.com
215-290-6444       Fax: 866-408-6735

_____