UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In RE: Maranda Grasley  
    Debtor

Maranda Grasley,  
    Objector  
v.  
Midland Credit Management, Inc.

: Chapter 13  
:  
: 22-02354  
:  
: Re. Claim No. 5  
:  
:  
:

## DEBTOR'S FIRST SET OF REQUESTS FOR ADMISSIONS PROPOUNDED TO CLAIMANT

Kindly serve answers to the following questions upon Debtor's Attorney, Vicki Piontek, Esquire, 58 East Front Street, Danville, PA 17821. You may send the answers by email, fax or regular mail. Please provide answers within 30 of your receipt.

1. Claimant has no business records made within 30 days of the occurrence which demonstrate that the purported governing contract was sent to the Debtor by the original creditor.

2. Claimant has no business records made within 30 days of the occurrence which demonstrate that the purported governing contact was received by the Debtor for the above referenced claim.

3. Claimant has no business records which demonstrate the precise date on which the purported governing contract was sent by the original creditor to Debtor.

4. Claimant has no business records which demonstrate the precise date on which the purported governing contract was received by the Debtor.

5. The purported governing contract was not signed by the debtor.

6. The purported governing contract does not bear Debtor's name or address on it.

7. The purported contract is not accompanied by a cover letter to the debtor.

8. The purported contract does not contain a date on which it was sent to the Debtor.

9. The balance stated on the above referenced proof of claim contains interest.

10. The balance stated on the above referenced proof of claim contains one or more late fees.

Debtor listed the alleged debt which is the subject matter of Claimant's proof of claim as "Disputed" on Debtor's Schedule EF for the above referenced Bankruptcy.

The account was open for less than one year and not "years."

The assignment documents attached to the proof of claim refer to other documents in Claimant's possession pertaining to the sale and / or assignment of the account which have never been provided to Debtor or Debtor's attorney.

Wherefore, please respond by furnishing the requested information and documents within thirty days of r receipt of these requests.


pectfully Submitted,


*[signature]*                10/23/23
:ki Piontek, Esquire          Date
:orney for Debtor
East Front Street, Danville, PA  17821
:ki.piontek@gmail.com    215-290-6444         Fax: 866-408-6735

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In RE: Maranda Grasley<br>　　　　　Debtor | Chapter 13<br><br>22-02354 |
| Maranda Grasley,<br>　　　　　Objector<br>v.<br>Midland Credit Management, Inc.<br>　　　　　Respondent / Claimant | Re. Claim No. 5 |

## Certificate of Service

I served a true and correct copy of the attached requests for admissions to the following parties at the following address by Certified and First Class U.S. Mail postage pre-paid.

Midland Credit Management, Inc.
Attention: Brian C. Nicholas, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106　　　　　Also By Email: bnicholas@kmllawgroup.com

_____　　　10-23-23
Vicki Piontek, Esquire　　　　　Date of service
Attorney for Debtor
58 East Front Street
Danville, PA 178821
vicki.piontek@gmail.com
215-290-6444
Fax: 866-408-6735



Midland Credit Management, Inc.
Attention: Brian C. Nicholas, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106