and thereafter; $1.50 per page for copies from microfilm; plus the actual cost of postage, shipping or delivery." The amounts to be charged may be adjusted annually by the Secretary of Health. See: www.portal.state.pa.us (enter under "–search PA–": "Department of Health"; enter under "Search again": "Medical Records" and "Consumer Price Index" and 6152).

[3] If there had been a reference to the records of pharmacies, we may have learned whether or not the amendments were intended to reach pharmaceutical records. The absence of any reference does not necessarily mean that the Legislature did not intend for the amendments to reach pharmaceutical records.

[4] Plaintiffs' Brief at 1 states that the records provided by Rite Aid and CVS are typically one or two pages of computer-generated written records. The flat fee charges of defendant-pharmacies would appear to have no relationship to charges permitted under the MRA.

[5] See *Wayne M. Chiurazzi Law Inc.*, supra, GD-09-012919 at *6, 158 P.L.J. at 125.

## Four Seasons Investments, LLC v. Susan Petrucci

*Contract—Credit Card Debt—Pleading Requirements—Writings Required to Show Ownership of Right to Payment*

No. AR-10-005022. In the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division.
Wettick, J.—May 10, 2011.

### OPINION AND ORDER OF COURT

Defendant's Preliminary Objections to Plaintiff's Third Amended Complaint are the subject of this Opinion and Order of Court.

Plaintiff's complaint alleges that defendant made purchases pursuant to a credit card agreement between defendant and Chase Bank USA, N.A. ("Chase"). Defendant defaulted by failing to make any payments on the balance due after December 17, 2007.

Plaintiff cites a paragraph within the Cardholder Agreement between plaintiff and Chase which provides that Chase may assign the account to a third person. "The person to whom we make the assignment will be entitled to any of our rights that we assign to that person." See Third Amended Complaint, Ex. A-4 at 4.

Plaintiff alleges that the account was purchased from Chase by Turtle Creek Assets, Ltd. ("Turtle Creek") on December 10, 2009. Plaintiff further alleges that the documents pertaining to the assignment from Chase to Turtle Creek are not presently available as they have not yet been provided to plaintiff by Chase or its assigns (Third Amended Complaint ¶10).[1]

In *Worldwide Asset Purchasing, LLC v. Stern*, AR-04-004429, 153 P.L.J. 111 (C.P. Allegheny 12/29/04)–this being my first opinion addressing credit card claims–I sustained the credit cardholder's preliminary objections for failure to comply with the pleading requirements of Pa.R.C.P. No. 1019. In that case the plaintiff alleged that it purchased defendant's account from Bank of America and was now the holder and owner of the account. However, the plaintiff failed to attach a writing showing that Bank of America had assigned the account. I stated that the case was governed by *Atlantic Credit and Finance, Inc. v. Giuliana*, 829 A.2d 340 (Pa. Super. 2003), where the Court stated that the failure to attach writings which would establish the plaintiff's right to a judgment against the defendant is fatal to the claims set forth in the plaintiff's complaint.

Recently, in *Commonwealth Financial Systems, Inc. v. Smith*, 15 A.3d 492 (Pa. Super. 2011), the Pennsylvania Superior Court reiterated that the pleading requirements described in *Atlantic Credit and Finance* must be met:

> This Court has considered the issue of what documentation is required in a credit card collection action to prove the existence of a contract in *Atlantic Credit and Finance Inc. v. Giuliana*, 829 A.2d 340, 345 (Pa. Super. 2003). Therein, Atlantic Credit filed a complaint alleging that the defendants were indebted to GM Card and that Atlantic Credit had purchased the defendants' account from GM Card. Atlantic Credit, however, failed to attach to the complaint any contract or cardholder agreement between GM Card and the defendants, or any contract or agreement between GM Card and Atlantic Credit regarding the assignment. Atlantic Credit did attach a single sheet which appeared to be a monthly statement from GM Card addressed to the defendants, which listed the total due on the account and the interest rate. We concluded that Atlantic Credit's "failure to attach the writings which assertedly establish [the creditor's] right to a judgment …is fatal to the claims set forth in [the creditor's] complaint." *Atlantic Credit*, 829 A.2d at 345. Thus, Atlantic Credit's failure to produce a cardholder agreement and statement of account, as well as evidence of the assignment, established a meritorious defense to the action.

The requirement that the writing showing a change of title be attached is not a mere technical requirement. There are three possibilities as to the ownership of the Cardholder Agreement upon which plaintiff's claims are based in this lawsuit. First, Chase continues to hold the Agreement. Second, Chase assigned the Agreement to another entity. Third, Chase assigned the Agreement to Turtle Creek which, in turn, assigned the account to plaintiff. If plaintiff cannot furnish writings establishing an assignment to Turtle Creek, any payments that defendant would make to Four Seasons Investments, LLC would not necessarily satisfy defendant's obligations under the Cardholder Agreement. Furthermore, if defendant would prevail in this litigation, it would have no impact unless the card issuer's rights under the Cardholder Agreement were owned by plaintiff.

For these reasons, I enter the following Order of Court:

### ORDER OF COURT

Upon consideration of Defendant's Preliminary Objections to Plaintiff's Third Amended Complaint, it is hereby ordered that the preliminary objections are sustained and plaintiff's complaint is dismissed with prejudice.

BY THE COURT:
/s/Wettick, J.

DATED: May 10, 2011

---

[1] Plaintiff has attached to the Third Amended Complaint as Exhibit C the Credit Card Account Purchase Agreement between Turtle Creek and plaintiff. Attached to this as Exhibit A is a bill of sale, between Chase and Turtle Creek dated December 31, 2009, of 28,780 accounts with a total unpaid balance of $116,560,103.37. Nothing in this document shows that the Cardholder Agreement between Chase and defendant is one of these accounts.

Case 5:22-bk-02354-MJC    Doc 124-12    Filed 11/20/23    Entered 11/20/23 09:25:44    Desc Exhibit Four Seasons Investments v. Petrucci    Page 1 of 1