UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In RE: Maranda Grasley | : | Chapter 13 |
| Debtor | : | |
| | : | 22-02354 |
| Maranda Grasley, | : | |
| Objector | : | Re. Proof of Claims No. 5 |
| v. | : | |
| Midland Credit Management, Inc. | : | |
| Respondent / Claimant | : | |

# AMENDED MOTION IN LIMINE TO EXCLUDE CLAIMANT'S DOCUMENTS

COUNT ONE: "AFFIDAVIT OF SALE"
ATTACHED TO PROOF OF CLAIM NUMBER 5

1. Claimant relies on a document called an "AFFIDAVIT OF SALE" as the assignment. But the so called "AFFIDAVIT OF SALE" is deficient in ways including but not limited to the following.

a. The so called "AFFIDAVIT OF SALE" does not identify the Debtor in any way.

b. The so called "AFFIDAVIT OF SALE" does not have the account number for the account which is the subject matter of this proof of claim.

c. The so called "AFFIDAVIT OF SALE" cannot possibly be the true assignment because it refers to another document called a "Purchase and Sale

Agreement." But the "Purchase and Sale Agreement" was not included with the proof of claim. Nor was any form of it given to Debtor's Counsel by Claimant's Counsel despite a duly served request for production of documents and things on or about September 6, 2023.

2.      The so called "AFFIDAVIT OF SALE" is impermissible hearsay withing the meaning of Federal Rule of Evidence 801, and not a true business record within the exception of Federal Rule of Evidence 803(6). It was made after the fact of any true assignment, if any assignment even occurred. And it appears to have been made with an eye to litigation. See Aamco Transmissions v. Baker United States District Court for the Eastern District of Pennsylvania, 06-CV-05252 (2008).

3.      The purported "Purchase and Sale Agreement" is a "writing" upon which the claim is based and should be attached to the POC per Federal Rule of Bankruptcy Procedure 3001, and ought to be produced or the claim should fail.

4. The purported "Purchase and Sale Agreement" would be among the best evidence of the assignment of the account if there were an assignment at all. This is consistent with Federal Rule of Evidence 1002 which provides as follows.

> Rule 1002. Requirement of the Original
> An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.

## COUNT TWO: "BILL OF SALE"

5. The previous paragraphs are incorporated by reference and made a part of this pleading.

6. Claimant has also attached a so called "BILL OF SALE" dated November, 2022 to the amended Proof of Claim Number 5.

7. The so called "BILL OF SALE" is problematic for reasons including but not limited to the following.

   a. The so called "BILL OF SALE" does not identify the Debtor in any way.

   b. The so called "BILL OF SALE" does not have the account number for the account which is the subject matter of this proof of claim.

8. The so called "BILL OF SALE" refers to another document called the "Forward Flow Accounts Purchase Agreement dated as of 10th day of November, 2022." But the "Forward Flow Accounts Purchase Agreement dated as of 10th day of November, 2022" was not attached to the amended proof of claim or supplied to Debtor's Counsel after duly served discovery requests ignored by Claimant's Counsel.

9. Claimant has refused to produce even a redacted copy of the so called "Forward Flow Accounts Purchase Agreement dated as of 10th day of November, 2022" despite duly served document production requests on or about September 6, 2023.

10. The so called "Forward Flow Accounts Purchase Agreement dated as of 10th day of November, 2022" is a "writing" upon which the claim is based and should be attached to the POC per Federal Rule of Bankruptcy Procedure 3001, and ought to be produced or the claim should fail.

11. The so called "Forward Flow Accounts Purchase Agreement dated as of 10th day of November, 2022" would be among the best evidence of the assignment of

the account if there were an assignment at all. This is consistent with Federal Rule of Evidence 1002 which provides as follows.

> Rule 1002. Requirement of the Original
>
> An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.

12. Claimant's so called "Bill of Sale" and the so called "Affidavit of Sale" are not the assignment and they do not prove the content of the assignment. Instead they are documents about the assignment. Claimant should be required to produce the best evidence of the assignment.

13. The true underlying assignment documents are an essential part of the Claim and for substantive reasons failure to provide the assignment should be fatal to the claim. Four Seasons Investments, LLC v. Susan Petrucci, No. AR-10-005022I. in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division, Wettick, J.-May 10, 2011.

COUNT THREE: "AFFIDAVIT IN SUPPORT OF RESPONSE TO OBJECTION TO PROOF OF CLAIM NUMBER 5" DATED SEPTMBER 18, 2023 AND FILED OCTOBER 20, 2023

14. The previous paragraphs of this pleading are incorporated by reference.

15. Claimant has filed an Affidavit signed by one Angel Naymen, Vice President of Litigation Support of Synchrony Bank dated September 18, 2023. The Affidavit was filed October 20, 2023.

16. The affidavit was not made at the time of the transaction or occurrence, act or omission.

17. The affidavit is not a true business record.

18. The affidavit was made with an eye to litigation.

19. The affidavit is impermissible hearsay in violation of Federal Rule of Evidence 801.

20. The Affidavit does not fall within the business record exception to the hearsay rule of 803(6). See Aamco Transmissions v. Baker United States District Court for the Eastern District of Pennsylvania, 06-CV-05252 (2008).

CONCLUSION

21. The previous paragraphs of this pleading are incorporated by reference.

22. The so called "AFFIDAVIT OF SALE" is not a true business record and should be excluded from the litigation since it does not even reference the Debtor's name or the account number, and because it was made with an eye to litigation.

23. The so called "BILL SALE" is not a true business record and should be excluded from the litigation since it does not even reference the Debtor's name or the account number, and because it was made with an eye to litigation.

24. The "AFFIDAVIT IN SUPPORT OF RESPONSE TO OBJECTION TO PROOF OF CLAIM NUMBER 5" signed September 18, 20230 and filed October 20, 2023 is not a true business record because it was not made at the time of the transaction or occurrence. Instead it was made after the fact with an eye to litigation and should be excluded. See Aamco Transmissions v. Baker United

States District Court for the Eastern District of Pennsylvania, 06-CV-05252 (2008).

25. Debtor requests an Order from this Honorable Court excluding Claimant's "AFFIDAVIT OF SALE," "BILL OF SALE" AND "AFFIDAVIT IN SUPPORT OF RESPONSE TO OBJECTION TO PROOF OF CLAIM NUMBER 5" from any hearing on the merits of this case.

26. Debtor requests such other relief as this Honorable Court deems proper.

Wherefore, Debtor requests an Order from this Honorable Court excluding the following documents expended to be proffered by Claimant.

a. "AFFIDAVIT OF SALE" attached to the Amended Proof of Claim.

b. "BILL OF SALE" attached to the Amended Proof of Claim.

c. "AFFIDAVIT IN SUPPORT OF RESPONSE TO OBJECTION TO PROOF OF CLAIM NUMBER 5" filed by Claimant on October 20, 2023.

Debtor requests such other relief as this Honorable Court deems proper.

/s/ Vicki Piontek         11-20-2023
_____   _____
Vicki Piontek, Esquire    Date
Attorney for Plaintiff
58 East Front Street, Danville, PA  17821
vicki.piontek@gmail.com
215-290-6444       Fax: 866-408-6735