UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In RE: Maranda Grasley | : | Chapter 13 |
| Debtor | : | |
| | : | 22-02354 |
| Maranda Grasley, | : | |
| Objector | : | Re. Proof of Claim No. 3 |
| v. | : | |
| Midland Credit Management, Inc. | : | |
| Respondent / Claimant | : | |

# MOTION TO COMPEL CLAIMANT TO COOPERATE
# WITH DISCOVERY FOR CLAIM NUMBER 3

### COUNT ONE: CLAIMANT'S REFUSAL
### TO PROVIDE REQUESTED DOCUMENTS

1. Claimant relies on a so called "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" attached to the Amended Proof of Claim, intended to serve as evidence of the assignment of the account from the original alleged creditor to Claimant.

2. The so called "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" does not identify the Debtor in any way.

3. The so called "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" does not identify the account number for the account which is the subject matter of this proof of claim.

4. The so called "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" cannot possibly be the true assignment because it refers to another document called a "Credit Card Account Purchase Agreement" not included with the proof of claim or supplied to Debtor's Counsel after duly served discovery requests ignored by Claimant's Counsel.

5. Claimant also relies on a so called "BILL OF SALE" attached to the amended proof of claim, intended to serve as evidence of the assignment of the account from the original alleged creditor to Claimant. But the so called "BILL OF SALE" is deficient in ways including but not limited to the following.

6. The so called "BILL OF SALE" does not identify the Debtor in any way.

7. The so called "BILL OF SALE" does not have the account number for the account which is the subject matter of this proof of claim.

8. The so called "BILL OF SALE" cannot possibly be the true assignment because it refers to another document called a "Credit Card Account Purchase Agreement" not included with the proof of claim or supplied to Debtor's Counsel after duly served discovery requests ignored by Claimant's Counsel.

9. Claimant has been duly served with a request to provide "all documents related to the chain of assignment." See attached exhibits.

10. Claimant has refused to produce even a redacted copy of the so called "Credit Card Account Purchase Agreement" even though document production requests have been served on Claimant's Counsel on September 6, 2023.

11. The so called "Credit Card Account Purchase Agreement" , if it exists, is a "writing" upon which the claim is based and should be attached to the POC per Federal Rule of Bankruptcy Procedure 3001, and ought to be produced or the claim should fail.

12. The so called "Credit Card Account Purchase Agreement," if it iexists, would be the best evidence of the assignment of the account if there were an assignment at all. This is consistent with Federal Rule of Evidence 1002 which provides as follows.

> Rule 1002. Requirement of the Original
> An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.

13. Claimant has filed a "Declaration" on October 20, 2023. The "Declaration" was signed by an affiliate of the purported original alleged creditor. See attached exhibits. But such declaration is not a true business record made at or near the time of the transaction or occurrence. Plus it was made with an eye to litigation and is impermissible hearsay. See Aamco Transmissions v. Baker United States District Court for the Eastern District of Pennsylvania, 06-CV-05252 (2008).

14. Furthermore, the "Declaration" filed October 20, 2023 is not consistent with the above stated "best evidence rule," Federal Rule of Evidence 1002.

## COUNT TWO: DEBTOR'S INTERROGATORIES AND REQUESTS FOR ADMISSIONS

15. The previous paragraphs are incorporated by reference.

16. Debtor's Counsel served Interrogatories and Requests for Admissions upon Claimant. See attached exhibits. The allotted time has not yet passed for Claimant to respond to Debtor's Interrogatories and Requests for Admissions. However, it is expected that Claimant will ignore such Interrogatories and Requests for Admissions since Debtor's other discovery has been ignored by Claimant.

17. Debtor requests an Order compelling Claimant to provide full and complete responses to Debtor's Interrogatories and Requests for Admissions.

# COUNT THREE: CLAIMANT'S REFUSAL
TO PARTICIPATE IN A RULE 2004 EXAMINATION

18. The parties agreed on November 14, 2023 at 11:AM EST as a date and time to conduct a Rule 2004 examination of Claimant's corporate representative.

19. Debtor's Counsel appeared ready, willing and able to conduct the Rule 2004 examination on November 14th at 11 AM at the pointed time.

20. Claimant's Counsel refused to allow the Rule 2004 Examination because Debtor's Counsel did not have a "court reporter" present, even though Rule 2004 does not have any requirement for a "court reporter."

21. Unlike Rule 30 of the Federal Rules of Civil Procedure, Rule 2004 makes no mention of a requirement to place an examinee under oath.

22. Unlike Rule 30 of the Federal Rules of Civil Procedure, Rule 2004 makes no mention how the rule 2004 examination should be conducted. There are no suggested means of recording the examination in Rule 2004.

23. Claimant's Counsel has not defined what he means by a "court reporter." It is difficult to define that term since the Pennsylvania Legislature has not chosen to

regulate the practice of taking or transcribing depositions or a Rule 2004 examinations. Therefore any person may qualify as a "court reporter."

24. Debtor is concerned that another Rule 2004 Examination may be scheduled and that she may show up with a court reporter, but Claimant's counsel may object anyway since Claimant's Counsel refuses to define what they mean by a "court reporter."

25. Federal Rule 2004 of Bankruptcy Procedure does not require a "court reporter" or any other person to transcribe the statement(s) taken, and Debtor and her Counsel do not desire a court reporter.

26. Unlike Federal Rule of Civil Procedure, Rule 2004 makes no mention of a requirement for the Examinee to be placed under oath.

27. The Local Rule 2004-1 in the United States Bankruptcy Court for the Middle District of Pennsylvania is entitled "Rule 2004-1 "Depositions and Examinations," thus demonstrating that a Rule 2002 Examination is not the same thing as a deposition.

28. Debtor cannot afford the expense of a "court reporter," however that term shall be defined.

29. If Claimant wishes to have a "court reporter" present at any Rule 2004 Examination then Claimant should bear such costs since Claimant is the one that desires the "court reporter," and a "court reporter" is not required under Rule 2004, nor does Rule require that the Examinee be under oath.

30. Debtor does not oppose Claimant's use of a court reporter as long as the expense for the "court reporter" is born by Claimant and not Debtor.

31. Debtor's Counsel has offered to conduct the Rule 2004 examination via Zoom and to record the examination by video and audio. Claimant's counsel would of course be entitled to a copy and would be entitled to make his own video and / or audio recording as well.

32. By refusing to conduct the Rule 2004 examination unless Debtor hires a "court reporter" at her own expense, Claimant has unnecessarily and unreasonably driven up the cost of this legitimate claim objection process for the Debtor.

## CONCLUSION

33. The previous paragraphs of this pleading are incorporated by reference.

34. The totality of the above circumstances warrants that Claimant be compelled to cooperated in the discovery process.

35. Claimant's conduct has prolonged and agonized the discovery process causing additional time and money to be spent on discovery.

36. A discovery deadline is approaching, and a hearing on the merits of the case is approaching.

37. Debtor requests an Order from this Honorable Court directing Claimant to do the following.

   a. Produce all documents requested in Debtor's requests for production of documents served September 6, 2023.
   b. Produce the "Credit Card Account Purchase Agreement" referenced in the "BILL OF SALE" attached to Claimant's Amended Proof of Claim.

    c. Provide full and complete responses to Debtor's Interrogatories served October 23, 2023.

    d. Provide full and complete responses to Debtor's Requests for Admissions served October 23, 2023.

    e. Cooperate with Debtor's efforts to conduct a Rule 2004 Examination, with a "court report" only at Claimant's expense.

38. Debtor requests such other relief as this Honorable Court deems proper.

Wherefore, Debtor's Counsel requests an Order from this Honorable Court directing Claimant to cooperate with Debtor's discovery requests. Debtor requests that this Honorable Court order Claimant to provide full and complete responses to Debtor's requests for production of documents, interrogatories and requests for admissions. Debtor requests that this Court order Claimant to participate in a Rule 2004 Examination where Claimant may have a court reporter if Claimant desires at Claimant's own expense. Debtor requests such other relief as this Honorable Court deems appropriate.

/s/ Vicki Piontek             11-20-2023
_____    _____
Vicki Piontek, Esquire            Date
Attorney for Plaintiff
58 East Front Street
Danville, PA 17821
vicki.piontek@gmail.com
215-290-6444       Fax: 866-408-6735/

_____