UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In RE: Maranda Grasley | : | Chapter 13 |
| Debtor | : | |
| | : | 22-02354 |
| Maranda Grasley, | : | |
| Objector | : | Re. Claim No. 4 |
| v. | : | |
| Midland Credit Management, Inc. | : | |

**DEBTOR'S FIRST SET OF REQUESTS FOR ADMISSIONS PROPOUNDED TO CLAIMANT**

Kindly serve answers to the following questions upon Debtor's Attorney, Vicki Piontek, Esquire, 58 East Front Street, Danville, PA 17821. You may send the answers by email, fax or regular mail. Please use separate sheets of paper to answer each numbered interrogatory. Please provide answers within 30 days of your receipt.

1. Claimant has no business records made within 30 days of the occurrence which demonstrate that the purported governing contract was sent to the Debtor by the original creditor.

2. Claimant has no business records made within 30 days of the occurrence which demonstrate that the purported governing contact was received by the Debtor for the above referenced claim.

3. Claimant has no business records which demonstrate the precise date on which the purported governing contract was sent by the original creditor to Debtor.

4. Claimant has no business records which demonstrate the precise date on which the purported governing contract was received by the Debtor.

5. The purported governing contract was not signed by the debtor.

6. The purported governing contract does not bear Debtor's name or address on it.

7. The purported contract is not accompanied by a cover letter to the debtor.

8. The purported contract does not contain a date on which it was sent to the Debtor.

9. The balance stated on the above referenced proof of claim contains interest.

10. The balance stated on the above referenced proof of claim contains one or more late fees.

11. Debtor listed the alleged debt which is the subject matter of Claimant's proof of claim as "Disputed" on Debtor's Schedule EF for the above referenced Bankruptcy.

12. The assignment documents attached to the proof of claim refer to other documents in Claimant's possession pertaining to the sale and / or assignment of the account which have never been provided to Debtor or Debtor's attorney.

Wherefore, please respond by furnishing the requested information and documents within thirty days of your receipt of these requests.

Respectfully Submitted,

_Vicki Piontek_     10/23/23
Vicki Piontek, Esquire     Date
Attorney for Debtor
58 East Front Street, Danville, PA 17821
vicki.piontek@gmail.com     215-290-6444     Fax: 866-408-6735

| | |
|---|---|
| In RE: Maranda Grasley<br>          Debtor | Chapter 13<br><br>22-02354 |
| Maranda Grasley,<br>          Objector | Re. Claim No. 4 |
| v. | |
| Midland Credit Management, Inc.<br>          Respondent / Claimant | |

## Certificate of Service

I served a true and correct copy of the attached requests for admissions to the following parties at the following address by Certified U.S. Mail and by First Class U.S Mail postage pre-paid.

Midland Credit Management, Inc.
Attention: Brian C. Nicholas, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106

Also By Email: bnicholas@kmllawgroup.com

Vicki Piontek, Esquire      10/23/23
Attorney for Debtor      Date of service
58 East Front Street
Danville, PA 178821
vicki.piontek@gmail.com
215-290-6444
Fax. 866-408-6735



Sent To: Midland Credit Management, Inc.
Attention: Brian C. Nicholas, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106