UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In RE:  Maranda Grasley | | : | Chapter 13 |
| | Debtor | : | |
| | | : | 22-02354 |
| Maranda Grasley, | | : | |
| | Objector | : | Re. Proof of |
| v. | | : | Claim No. 5 |
| Midland Credit Management, Inc. | | : | |
| | Respondent / Claimant | : | |

## AMENDED MOTION IN LIMINE TO
## EXCLUDE CLAIMANT'S DOCUMENTS

### COUNT ONE: "AFFIDAVIT OF SALE"
### ATTACHED TO PROOF OF CLAIM NUMBER 5

1.      Claimant relies on a document called an "AFFIDAVIT OF SALE" as the

assignment.  But the so called "AFFIDAVIT OF SALE" is deficient in ways

including but not limited to the following.

a.      The so called "AFFIDAVIT OF SALE" does not identify the Debtor in any

way.

b.      The so called "AFFIDAVIT OF SALE" does not have the account number

for the account which is the subject matter of this proof of claim.

c.      The so called "AFFIDAVIT OF SALE" cannot possibly be the true

assignment because it refers to another document called a "Purchase and Sale

Agreement."  But the "Purchase and Sale Agreement" was not included with the

proof of claim.  Nor was any form of it given to Debtor's Counsel by Claimant's

Counsel despite a duly served request for production of documents and things on

or about September 6, 2023.

2.      The so called "AFFIDAVIT OF SALE" is impermissible hearsay withing

the meaning of Federal Rule of Evidence 801, and not a true business record within

the exception of Federal Rule of Evidence 803(6).  It was made after the fact of

any true assignment, if any assignment even occurred.  And it appears to have been

made with an eye to litigation.  See Aamco Transmissions v. Baker United States

District Court for the Eastern District of Pennsylvania, 06-CV-05252 (2008).

3.      The purported  "Purchase and Sale Agreement" is a "writing" upon which

the claim is based and should be attached to the POC per Federal Rule of

Bankruptcy Procedure 3001, and ought to be produced or the claim should fail.

4.      The purported "Purchase and Sale Agreement" would be among the best

evidence of the assignment of the account if there were an assignment at all.  This

is consistent with Federal Rule of Evidence 1002 which provides as follows.

Rule 1002. Requirement of the Original

An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.

## COUNT TWO: "BILL OF SALE"

5.      The previous paragraphs are incorporated by reference and made a part of this pleading.

6.      Claimant has also attached a so called "BILL OF SALE" dated November, 2022 to the amended Proof of Claim Number 5.

7.      The so called "BILL OF SALE" is problematic for reasons including but not limited to the following.

a.      The so called "BILL OF SALE" does not identify the Debtor in any way.

b.      The so called "BILL OF SALE"  does not have the account number for the account which is the subject matter of this proof of claim.

8.      The so called "BILL OF SALE" refers to another document called the "Forward Flow Accounts Purchase Agreement dated as of 10th day of November, 2022."  But the "Forward Flow Accounts Purchase Agreement dated as of 10th day of November, 2022" was not attached to the amended proof of claim or supplied to

Debtor's Counsel after duly served discovery requests ignored by Claimant's

Counsel.

9.     Claimant has refused to produce even a redacted copy of the so called

"Forward Flow Accounts Purchase Agreement dated as of 10th day of November,

2022" despite duly served document production requests on or about September 6,

2023.

10.     The so called "Forward Flow Accounts Purchase Agreement dated as of 10th

day of November, 2022" is a "writing" upon which the claim is based and should

be attached to the POC per Federal Rule of Bankruptcy Procedure 3001, and ought

to be produced or the claim should fail.

11.     The so called "Forward Flow Accounts Purchase Agreement dated as of 10th

day of November, 2022" would be among the best evidence of the assignment of

the account if there were an assignment at all.  This is consistent with Federal Rule

of Evidence 1002 which provides as follows.

Rule 1002. Requirement of the Original

An original writing, recording, or photograph is required in order
to prove its content unless these rules or a federal statute provides
otherwise.

12.    Claimant's so called "Bill of Sale" and the so called "Affidavit of Sale" are
not the assignment and they do not prove the content of the assignment.  Instead
they are documents about the assignment.  Claimant should be required to produce
the best evidence of the assignment.

13.    The true underlying assignment documents are an essential part of the Claim
and for substantive reasons failure to provide the assignment should be fatal to the
claim.  Four Seasons Investments, LLC v. Susan Petrucci, No. AR-10-005022I. in
the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division,
Wettick, J.-May 10, 2011.

## COUNT THREE: "AFFIDAVIT IN SUPPORT OF RESPONSE TO OBJECTION TO PROOF OF CLAIM NUMBER 5" DATED SEPTMBER 18, 2023 AND FILED OCTOBER 20, 2023

14.    The previous paragraphs of this pleading are incorporated by reference.

15.    Claimant has filed an Affidavit signed by one Angel Naymen, Vice President of Litigation Support of Synchrony Bank dated September 18, 2023. The Affidavit was filed October 20, 2023.

16.    The affidavit was not made at the time of the transaction or occurrence, act or omission.

17.    The affidavit is not a true business record.

18.    The affidavit was made with an eye to litigation.

19.    The affidavit is impermissible hearsay in violation of Federal Rule of Evidence 801.

20.    The Affidavit does not fall within the business record exception to the

hearsay rule of 803(6).  See Aamco Transmissions v. Baker United States District

Court for the Eastern District of Pennsylvania, 06-CV-05252 (2008).


## COUNT FOUR: PURPORTED GOVERNING CONTRACT / CARDHOLDER AGREEMENT OFFERED BY CLAIMANT

21. The previous paragraphs are incorporated by reference.


22. Claimant has attached a purported contract / cardholder agreement to the

amended proof of claim.  By doing so Claimant stated or implied that such

document was the governing contract for the account which is the subject of

the POC.  See attached exhibits.


23. The purported contract provided filed by Claimant is highly questionable for

reasons including but not limited to the following.

a.    Debtor's signature does not appear on the purported contract.


b.    There is no date on the purported governing contract.

c.      The purported governing contract does not contain Debtor's

address, unlike the statements supplied by Claimant which do contain

Debtor's address.


d.      The Proof of Claim does not demonstrate that the purported

contract was ever sent to the Debtor or that Debtor received it.


e.      There is no account number on the purported contract linking

this account to the invoices supplied by Claimant.


f.      Debtor's Counsel wrote to Claimant requesting documentation

of when the purported governing contract was sent to Debtor by the

original creditor and when it was received.  See attached exhibits.  But

Debtor has not provided such information except an affidavit signed

by Angel Nayman, "Vice President of Litigation Support," of

Synchrony Bank, dated September 18, 2023, and filed October 20,

2023.

24.	Claimant has filed an affidavit signed by Angel Nayman, "Vice President of

Litigation Support," of Synchrony Bank, dated September 18, 2023, and filed

October 20, 2023.  The affidavit states that the  account was opened on June 10,

2021, and that the contract was mailed to the Debtor by Synchrony Bank "on or

about June 13, 2021."  But the affidavit is impermissible hearsay according Federal

Rule of Evidence 801.  It does not fit within the business record exception of

Federal Rule of Evidence 803(6) or any other exception to the hearsay rule.  It is

not a true business record under Rule 803(6) because it was clearly made after the

fact with an eye to litigation.  See Aamco Transmissions v. Baker United States

District Court for the Eastern District of Pennsylvania, 06-CV-05252 (2008).


25.	Claimant's affidavit dated September 18, 2023 does not specify the date on

which the contract / card holder agreement was mailed to the Debtor by Synchrony

Bank.  Instead the affidavit states "on or about June 13, 2021."  The "on or about

June 13, 2021" appears to be a guess or estimation and not based on any business

record.

26.	The Affidavit dated September 18, 2023 and filed October 20, 2023,

contains an entirely different  cardholder agreement than that which was attached

to the Proof of Claim.  A side by side comparison of the two purported agreements

reveals that they are NOT THE SAME AGREEMENTS.  They have contradictions

which including but are not limited to the following.

 

a.  The purported cardholder agreement attached to the

amended proof of claim filed June 28, 2023 contains

certain serial numbers or other type of identifying

numbers or codes which to NOT appear on the purported

cardholder agreement filed with the affidavit filed

October 20, 2023.

 

b.  The purported cardholder agreement filed with the

affidavit filed October 20, 2023 contains a signature

block of one Margaret Keane, CEO of Synchrony Bank

which is not present on the purported agreement filed

with the proof of claim.

 

c.  Upon information and belief, Margaret Keane resigned as

the CEO of Synchrony Bank in April of 2021, according

to numerous internet search results which Debtor asks the

Court to take judicial notice of.  According to the

Affidavit filed on October 20, 2023 the account was

opened on June 10, 2023, and the purported cardholder

agreement signed by Margaret Keane attached to said

affidavit was mailed to the Debtor by Synchrony Bank on

or about June, 2021 approximately 3 months after she

had left her position as the CEO of Synchrony Bank.  It

makes little sense that a cardholder agreement bearing

the wrong name for the bank CEO would have been

mailed to Debtor when Synchrony Bank's affidavit said

it was mailed.  For more information about when

Margaret Keane left her office as the CEO of Synchrony

Bank see the following websites which the Court may

take judicial notice of.

https://www.cnbc.com/2021/01/11/sy
nchrony-ceo-margaret-keane-steps-
down-.html

https://www.forbes.com/sites/maggie
mcgrath/2021/01/12/synchrony-ceo-
margaret-keane-stepping-down-

leaving-sp-500-with-one-less-woman-

at-the-helm/?sh=797a390416e6

   d.  Both the purported cardholder agreement / governing

      contracts have different interest rate tables.

   e.  The  Affidavit dated September 18, 2023 and filed

      October 20, 2023 does not mention anything about the

      purported cardholder agreement attached to the Proof of

      Claim.  No explanation is given in the affidavit about the

      conflicting cardholder agreement attached to the proof of

      claim.

## CONCLUSION

27.   The previous paragraphs of this pleading are incorporated by reference.

28.   The so called "AFFIDAVIT OF SALE" is not a true business record and

should be excluded from the litigation since it does not even reference the Debtor's

name or the account number, and because it was made with an eye to litigation.

29.    The so called "BILL SALE" is not a true business record and should be excluded from the litigation since it does not even reference the Debtor's name or the account number, and because it was made with an eye to litigation.

30.    The "AFFIDAVIT IN SUPPORT OF RESPONSE TO OBJECTION TO PROOF OF CLAIM NUMBER 5" signed September 18, 20230 and filed October 20, 2023 is not a true business record because it was not made at the time of the transaction or occurrence.  Instead it was made after the fact with an eye to litigation and should be excluded.  See Aamco Transmissions v. Baker United States District Court for the Eastern District of Pennsylvania, 06-CV-05252 (2008).

31.    Debtor requests an Order from this Honorable Court excluding Claimant's "AFFIDAVIT OF SALE," "BILL OF SALE" AND "AFFIDAVIT IN SUPPORT OF RESPONSE TO OBJECTION TO PROOF OF CLAIM NUMBER 5" from any hearing on the merits of this case.

32.    Debtor requests an Order from this Honorable Court excluding one or both of the purported governing contract / cardholder agreements from any hearing on the merits of this case.

33.     Debtor requests such other relief as this Honorable Court deems proper.


Wherefore, Debtor requests an Order from this Honorable Court excluding the

following documents expended to be proffered by Claimant.

   a. "AFFIDAVIT OF SALE" attached to the Amended Proof of Claim.

   b. "BILL OF SALE" attached to the Amended Proof of Claim.

   c.  "AFFIDAVIT IN SUPPORT OF RESPONSE TO OBJECTION TO

   PROOF OF CLAIM NUMBER 5" filed by Claimant on October 20, 2023.

   d. An Order from this Honorable Court excluding one or both of the purported

   governing contract / cardholder agreements from any hearing on the merits

   of this case.


      Debtor requests such other relief as this Honorable Court deems proper.


/s/ Vicki Piontek                          11-23-2023
_____        _____
Vicki Piontek, Esquire                 Date
Attorney for Plaintiff
58 East Front Street, Danville, PA  17821
vicki.piontek@gmail.com
215-290-6444          Fax: 866-408-6735