UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In RE: Maranda Grasley | : | Chapter 13 | |
| Debtor | : | | |
| | : | 22-02354 | |
| Maranda Grasley, | : | | |
| Objector | : | Re. Proof of | |
| v. | : | of Claim No. 3 | |
| Midland Credit Management, Inc. | : | | |
| Respondent / Claimant | : | | |

# MOTION IN LIMINE TO
# EXCLUDE CLAIMANT'S DOCUMENTS

COUNT ONE: "PORTFOLIO AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" ATTACHED TO AMENDED PROOF OF CLAIM NUMBER 3

1. Claimant relies on a document called an "PORTFOLIO AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" as the assignment. But the so called "PORTFOLIO AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" is deficient in ways including but not limited to the following.

a. The so called "PORTFOLIO AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" does not identify the Debtor in any way.

b. The so called "PORTFOLIO AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" does not have the account number for the account which is the subject matter of this proof of claim.

c. The so called "PORTFOLIO AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" cannot possibly be the true assignment because it refers to another document called a "Credit Card Account Purchase Agreement." But the "Credit Card Account Purchase Agreement" was not included with the proof of claim. Nor was any form of it given to Debtor's Counsel by Claimant's Counsel despite a duly served request for production of documents and things on or about September 6, 2023. See attached exhibits.

2. The so called "PORTFOLIO AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" is impermissible hearsay withing the meaning of Federal Rule of Evidence 801, and not a true business record within the exception of Federal Rule of Evidence 803(6). It was made after the fact of any true assignment, if any assignment even occurred. And it appears to have been made with an eye to litigation. See Aamco Transmissions v. Baker United States District Court for the Eastern District of Pennsylvania, 06-CV-05252 (2008).

3. The purported "Credit Card Account Purchase Agreement" is a "writing" upon which the claim is based and should be attached to the POC per Federal Rule of Bankruptcy Procedure 3001, and ought to be produced or the claim should fail.

4. The purported "Credit Card Account Purchase Agreement" would be among the best evidence of the assignment of the account if there were an assignment at all. This is consistent with Federal Rule of Evidence 1002 which provides as follows.

> Rule 1002. Requirement of the Original
> An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.

5. Claimant's so called "PORTFOLIO AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" is not the assignment and does not prove the content of the assignment. Instead it is a document about the assignment. Claimant should be required to produce the best evidence of the assignment.

6. The true underlying assignment documents are an essential part of the Claim and for substantive reasons failure to provide the assignment should be fatal to the claim. Four Seasons Investments, LLC v. Susan Petrucci, No. AR-10-005022I. in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division, Wettick, J.-May 10, 2011.

## COUNT TWO: "BILL OF SALE"

7. The previous paragraphs are incorporated by reference and made a part of this pleading.

8. Claimant has also attached a so called "BILL OF SALE" to the amended Proof of Claim Number.

9. The so called "BILL OF SALE" is problematic for reasons including but not limited to the following.

   a. The so called "BILL OF SALE" does not identify the Debtor in any way.

   b. The so called "BILL OF SALE" does not have the account number for the account which is the subject matter of this proof of claim.

10. The so called "BILL OF SALE" refers to another document called the "Credit Card Account Purchase Agreement which was not attached to the amended proof of claim or supplied to Debtor's Counsel after duly served discovery requests ignored by Claimant's Counsel. See attached exhibits.

11.     Claimant has refused to produce even a redacted copy of the purported "Credit Card Account Purchase Agreement" despite duly served document production requests on or about September 6, 2023.  See attached exhibits.

12.     The purported "Credit Card Account Purchase Agreement" is a "writing" upon which the claim is based and should be attached to the POC per Federal Rule of Bankruptcy Procedure 3001, and ought to be produced or the claim should fail.

13.     The purported "Credit Card Account Purchase Agreement" would be among the best evidence of the assignment of the account if there were an assignment at all.  This is consistent with Federal Rule of Evidence 1002 which provides as follows.

> Rule 1002. Requirement of the Original
>
> An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.

14.     Claimant's so called "Bill of Sale" is not the assignment and does not prove the content of the assignment.  Instead it is a document about the assignment.  Claimant should be required to produce the best evidence of the assignment.

15. The true underlying assignment documents are an essential part of the Claim and for substantive reasons failure to provide the assignment should be fatal to the claim. Four Seasons Investments, LLC v. Susan Petrucci, No. AR-10-005022I. in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division, Wettick, J.-May 10, 2011.

16. There are conflicting dates on which the purported "Credit Card Account Purchase Agreement" occurred. The so called "PORTFOLIO AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" states that the "Credit Card Account Purchase Agreement" occurred on June 21, 2022. The so called "BILL OF SALE" states that the "Credit Card Account Purchase Agreement" occurred on January 4, 2021.

COUNT THREE: "DECLARATION OF MATTHEW DOUGLAS GOTHARD" DATED SEPTMBER 18, 2023 AND FILED OCTOBER 20, 2023

17. The previous paragraphs of this pleading are incorporated by reference.

18. Claimant has filed a "DECLARATION OF MATTHEW DOUGLAS GOTHARD," dated September 8, 2023, and filed October 20, 2023.

19. The "DECLARATION OF MATTHEW DOUGLAS GOTHARD" was not made at the time of the transaction or occurrence, act or omission.

20. The "DECLARATION OF MATTHEW DOUGLAS GOTHARD" is not a true business record.

21. The "DECLARATION OF MATTHEW DOUGLAS GOTHARD" was made after the fact with an eye to litigation.

22. The "DECLARATION OF MATTHEW DOUGLAS GOTHARD" is impermissible hearsay in violation of Federal Rule of Evidence 801.

23. The "DECLARATION OF MATTHEW DOUGLAS GOTHARD" does not fall within the business record exception to the hearsay rule of 803(6). See Aamco Transmissions v. Baker United States District Court for the Eastern District of Pennsylvania, 06-CV-05252 (2008).

## CONCLUSION

24. The previous paragraphs of this pleading are incorporated by reference.

25. The following documents should be excluded from any hearing on the merits of the case.

   a. "PORTFOLIO AFFIDAVIT OF SALE BY ORIGINAL CREDITOR"

   b. "BILL OF SALE"

   c. "DECLARATION OF MATTHEW DOUGLAS GOTHARD"

26. Debtor requests such other relief as this Honorable Court deems proper.

Wherefore, Debtor requests an Order from this Honorable Court excluding the following documents expended to be proffered by Claimant.

   a. "PORTFOLIO AFFIDAVIT OF SALE BY ORIGINAL CREDITOR"

   b. "BILL OF SALE"

   c. "DECLARATION OF MATTHEW DOUGLAS GOTHARD"

Debtor requests such other relief as this Honorable Court deems proper.

/s/ Vicki Piontek                    11-25-2023

_____          _____
Vicki Piontek, Esquire               Date
Attorney for Plaintiff
58 East Front Street, Danville, PA  17821
vicki.piontek@gmail.com
215-290-6444        Fax: 866-408-6735