# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: Maranda Nichole Grasley
        Debtor(s)        CHAPTER 13

Midland Credit Management, Inc.        BKY. NO. 22-02354 MJC
        Respondent

Related to: 117, 118, 121, 122, 123, 133

## CREDITOR, MIDLAND CREDIT MANAGEMENT, INC.'S
## RESPONSE TO DEBTOR'S CERTIFICATION OF NON-CONCURRENCE TO
## PRAECIPE TO WITHDRAW OBJECTION

Creditor, Midland Credit Management, Inc. (hereinafter "MCM"), hereby responds as follows to the Certification of Non-Concurrence filed by debtor in relation to her praecipe to withdraw the objection to Proofs of Claim 3 and 4 without prejudice:

1. On November 14, 2023, Counsel for debtor filed a Praecipe to Withdraw Objection to Proof of Claim (4) Without Prejudice.

2. Counsel for Debtor did NOT contact counsel for Creditor regarding the withdrawal prior to filing.

3. On November 15, 2023, the Court entered an Order on the docket requiring debtor to file a Certificate of Concurrence on or before November 17, 2023.

4. Counsel for Debtor contacted counsel for Creditor for the first time about the withdrawal on **Sunday, November 19, 2023 at 8:22PM** via email. Attached as Exhibit "A" is a true and accurate copy of the November 19, 2023 email sent at 8:22PM.

5. On **Monday, November 20, 2023 at 6:47AM**, approximately ten hours after sending her email and before most businesses even opened Monday morning, counsel for debtor filed

a Certification of Non-Concurrence that states counsel for Creditor did not reply to the email seeking concurrence. The timing of the notice and filing of the Certification and the representation to the Court that the "Creditor did not reply," is disingenuous at best.

6. A timely response to the Sunday evening email was provided first thing Monday morning before 8AM, less than twelve hours after receipt of the original email.

7. Counsel for Debtor sent a second email to counsel for Creditor on Monday, November 20, 2023 at 7:01AM advising that she was filing the Praecipe to Withdraw (POC4) (that was already filed) and asking if we concurred. This was apparently sent in error as a second email was sent at 7:07AM correcting that it was for POC3. Attached as Exhibit "B" is a true and accurate copy of the November 20, 2023 email sent at 7:01AM. Attached as Exhibit "C" is a true and accurate copy of the November 20, 2023 email sent at 7:07AM.

8. Counsel for Creditor responded on Monday, November 20, 2023 at 7:08AM (regarding POC4) advising that we would consent to the withdrawal of the objection to the POC if it was being withdrawn with prejudice and we do not consent to it being withdrawn WITHOUT prejudice. Attached as Exhibit "D" is a true and accurate copy of the November 20, 2023 email sent at 7:08AM.

9. Counsel for Creditor responded on November 20, 2023 at 7:09AM (regarding POC3) advising that we would consent to the withdrawal of the objection to the POC if it was being withdrawn with prejudice and we do not consent to it being withdrawn without prejudice. Attached as Exhibit "E" is a true and accurate copy of the November 20, 2023 email sent at 7:09AM.

10. Counsel for Debtor responded on November 20, 2023 at 7:12AM that they will only agree to withdraw the objection without prejudice and would therefore file a Certification of Non-

concurrence. Attached as Exhibit "F" is a true and accurate copy of the November 20, 2023 email sent at 7:12AM.

11. On November 22, 2023 at 8:35am, counsel for debtor emailed counsel for creditor stating "… We decided to purse claim objection 5 for now for strategic reasons. If I win on any substantive or procedural issues with claim objection 5 I may re-bring objections to claims 3 and 4. …" This is the very reason Creditor is NOT concurring to a withdrawal without prejudice. Attached as Exhibit "G" is a true and accurate copy of the November 22, 2023 email sent at 8:35AM.

12. The record reflects there are three Proofs of Claim that have been filed by MCM in this case. The facts of each proof of claim are similar as are the legal issues. The matters have already been briefed and the parties have already been engaged in discovery on all three objections. To date, debtor has failed to come forward with any evidence that would overcome the prime facie validity of any of the Proofs of Claim.

13. The objections are scheduled to be heard in January. There is no justifiable basis to withdraw two of the objections now, without prejudice, in hopes of re-filing dependent upon the outcome of the litigation on POC5.

14. So as to preserve fees, costs and judicial resources, if the Debtor contends that she has meritorious objections to any of the Proofs of Claim they should all be litigated in one proceeding or waived by the withdraw with prejudice.

Respectfully submitted,

/s/ Brian C. Nicholas
Brian C. Nicholas, Esq.
KML Law Group, PC
Counsel for Creditor, Midland Credit Management, Inc.